United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>CORY RAY PHELPS,<br><br>    Defendant.<br>_____ / | No. CR 85-0899 MHP/SI<br><br>**ORDER DENYING DEFENDANT'S MOTION TO CROSS-EXAMINE PSYCHIATRIC EXPERT** |

Defendant Phelps was recently evaluated by a psychiatric expert as part of a progress report on the status of his commitment. On March 21, 2013, defendant, acting *pro se*, filed a motion seeking to cross examine the psychiatric expert. The Court DENIES defendant's motion, for the reasons set forth below.

In 1985, defendant was charged with manufacturing and placing explosive devices. He was found not guilty by reason of insanity on July 31, 1986, and he was committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4243. He was conditionally released in January 1999, but his release was revoked in December 2001 because he had reportedly attempted to purchase a gun.

On February 15, 2013, following the recent psychiatric evaluation, the Bureau of Prisons issued defendant's Risk Assessment Panel Report. The Report details defendant's background, mental history, criminal history, and the course of his treatment since his commitment. Multiple doctors have diagnosed him with schizophrenia, and the Report documents repeated instances of violent behavior. Additionally, he refuses to take medication or otherwise treat his illness, makes racist and threatening comments, and refuses to be housed with another patient. The Report concludes that defendant's release would create a danger to the community; the United States concurs with the conclusion of the Report.

Although defendant is not generally entitled to cross-examine the psychiatric expert, he could be entitled to do so as part of a hearing on whether he should be released,[1] or a hearing on a habeas motion.[2] To obtain release, defendant would bear the burden of proving, by clear and convincing evidence, that his release would not create a substantial risk of bodily injury to another person or serious damage to the property of another person due to a present mental disease or defect. *See* 18 U.S.C. § 4243(d). Should defendant renew his motion for release, he must proffer sufficient evidence to convince the court that he is entitled to an evidentiary hearing. If he did so, and if such a hearing were held, he would be entitled to cross-examine any witnesses testifying against him, including any psychiatric expert.

At this time, defendant has not made any such motion or proffered the Court a sufficient basis to conclude that he is entitled to an evidentiary hearing.

Accordingly, defendant's motion to cross examine the psychiatric expert is DENIED.

**IT IS SO ORDERED.**

Dated: July 2, 2013

SUSAN ILLSTON
United States District Judge

---

[1] In 2010, defendant moved for conditional release, and an attorney and an expert were appointed to aid defendant in his motion. Defendant remains free to renew this motion, but has not yet done so.

[2] The proper venue for a habeas petition would be the district where defendant is in custody.