United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>COY RAY PHELPS,<br><br>        Defendant.<br>_____/ | No. CR-85-0899 MHP/EMC<br><br>**ORDER RE DEFENDANT'S LETTER OF JULY 12, 2015**<br><br>**(Docket No. 555)** |

Pursuant to 18 U.S.C. § 4243, Defendant Coy Ray Phelps was committed on September 17, 1986, after being found not guilty by reason of insanity for manufacturing and placing explosive devices. *See* 18 U.S.C. § 4243(a) ("If a person is found not guilty only by reason of insanity at the time of the offense charged, he shall be committed to a suitable facility until such time as he is eligible for release pursuant to subsection (e)."). On February 27, 2015, this Court denied several requests for relief that had been filed by Mr. Phelps. *See* Docket No. 552 (order). Mr. Phelps has now filed a letter, in which he asks: "Would your decisions on my motions and requests have been the same even if the recommendation for relief had been docketed in December of 2014?" Docket No. 255 (letter).

The short answer to Mr. Phelps's questions is "yes." The Court assumes that Mr. Phelps is referring to the recommendation that "'[t]he clinical staff believe Mr. [Phelps] can be released under a prescribed regimen of medical and psychological care.'" Docket No. 552 (Order at 1). The problem for Mr. Phelps is that, even though this was the recommendation from clinical staff, clinical staff was still developing a specific plan for the Court's consideration. *See* Docket No. 552 (Order

at 1). Accordingly, the Court noted that Mr. Phelps's request for relief was premature. *See* Docket No. 552 (Order at 2).

Since the Court's order of February 27, 2015, the Court has not been informed of any concrete plan from clinical staff and/or the warden. *See generally* 18 U.S.C. § 4243(f) (providing that the director of a facility "shall promptly file a certificate [regarding conditional release] with the clerk of the court that ordered the commitment," that the certificate shall be served on the committee and the government, and that the court shall either order the committee's discharge or "shall hold a hearing . . . to determine whether he should be released"). Accordingly, the Court cannot order any release.

However, as several months have passed since the Court's order, the Court finds that it is appropriate to, at the very least, get an update from clinical staff and/or the warden regarding the potential release of Mr. Phelps. **Accordingly, the Court hereby orders the warden of the United States Medical Center for Federal Prisoners in Springfield, Missouri, to provide an update as to whether a concrete plan has been developed for the potential release of Mr. Phelps and, if so, what are the terms of that plan.**

**The United States Attorney's Office for the Northern District of California is hereby ordered to serve a copy of this order on the warden within a week of the date of this order. A proof of service shall be promptly e-filed.**

**The warden shall file a response to this order within three weeks of the date of this order.**

A courtesy copy of this order shall be provided to the Federal Public Defender's Office for the Northern District of California.

IT IS SO ORDERED.

Dated: August 3, 2015

_____
EDWARD M. CHEN
United States District Judge

2